**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| TONY PRATT, individually and on behalf of a class of similarly situated individuals, ) ) ) *Plaintiff*, ) ) v. ) ) ALLTEL COMMUNICATIONS, LLC, a Delaware ) limited liability company, and PREDICTO ) MOBILE, LLC, a Delaware limited liability ) company. ) ) *Defendants*. ) | Case No. Hon. Magistrate Judge |

## CLASS ACTION COMPLAINT

Plaintiff Tony Pratt, by his attorneys, alleges upon personal knowledge as to himself and his own acts and experiences and upon information and belief including investigation of counsel as to all other matters, as follows:

### NATURE OF THE ACTION

1. Plaintiff Pratt brings this case as a class action against Alltel Communications, LLC ("Alltel") and Predicto Mobile, LLC ("Predicto") seeking to stop Defendants' practice of causing cellular telephone customers to be billed for mobile content services ordered not by them, but rather by the customer previously assigned their telephone number, and to obtain redress for all persons injured by Defendants' conduct in this regard.

2. The increased use of cell phones has given rise to a new industry that provides so-called "mobile content" services such as ringtones, text alerts, jokes, news, games, and daily horoscopes to cell phone users' mobile devices. Predicto and other providers of mobile content charge for their services and cause such charges to be placed directly on customers' cell phone accounts through their wireless carriers, including Alltel. The carriers simply bill and collect

1

such amounts and remit the vast majority (i.e., two thirds) of all revenue so collected to the providers and aggregators of mobile content, including Predicto and OpenMarket.

3. Because Predicto and other mobile content providers are typically unable to establish a direct billing and content delivery relationship with the Alltel and the other wireless carriers, they most often turn to one of a handful of companies known in the industry as "aggregators," such as OpenMarket, that act as billing intermediaries without which the mobile content providers would generally be unable to provide and bill for their mobile content services.

4. While aggregators charge Predicto and their other content provider clients upfront fees, each entities' revenue is primarily generated through a "revenue share" on transactions for which they bill the carriers' customers: Each time a charge is incurred in connection with an alleged purchase of mobile content services, the content provider directs the aggregator to cause the charge to be billed directly on the cellular telephone bill of the carrier's customer who currently owns and/or uses the telephone number claimed to be associated with that purchase.

5. The carrier, in this case Alltel, then bills and collects the charges from its current customer, retains a minority portion of the proceeds as its "revenue share" and then remits the balance—majority portion—to the aggregator, which retains a substantial percentage of the balance in the form of its own "revenue share" and which then, in turn, remits the balance to its content provider client, here Predicto Mobile.

6. In a widespread industry practice little known by those outside the industry, but known to Defendants, carriers such as Alltel routinely "recycle" so-called "dirty" telephone numbers to their customers when they sign up for new cellular telephone service. The numbers are "recycled" in that they were previously assigned to another person or entity. The numbers are "dirty" in that Predicto and other content providers fail to remove the pre-existing billing

obligations, as required to do under their contracts with the aggregator and/or the wireless carrier partners.

7.      Despite its knowledge about the problem of recycled dirty numbers, Predicto ignores the protocol established by wireless carriers such as Alltel to prevent this problem. Similarly, Alltel has not taken any steps to ensure that its recycled number protocols are followed and instead elects to maintain the system through which cell phone users are billed for mobile content services ordered not by them, but by the previous wireless subscribers formerly assigned their cell phone numbers.

8.      As a result, Defendants have for years systematically, repeatedly, and without authorization caused charges to be placed on the cell phone bills of thousands of consumers across the country for content that was never authorized to be purchased by the current subscribers of the affected phone numbers, but rather by the previous subscribers formerly assigned such cell phone numbers, and it has profited the most among the Defendants enormously from its wrongful conduct, in violation of, among other prohibitions: (a) the common law of unjust enrichment; (b) the common law of tortious interference with a contract; (c) unfair or deceptive business acts or practices; and (d) common law breach of contract.

9.      Plaintiff seeks, on behalf of himself and the class members, money damages, restitution, disgorgement, injunctive and declaratory relief, costs, and reasonable attorney's fees.

## PARTIES

10.     Plaintiff Tony Pratt is a resident of Michigan.

11.     Defendant Predicto Mobile, LLC is a provider of mobile content. Predicto is a Delaware limited liability company with its headquarters and principal place of business in New York. Predicto does business throughout the United States, including this District.

12. Defendant Alltel Communications, LLC is a wireless carrier. Alltel is a Delaware limited liability company with its headquarters and principal place of business in Arkansas. It has recently become a subsidiary of AT&T Mobility, with respect to its Michigan customers. Alltel does business throughout the United States, including this District.

## JURISDICTION AND VENUE

13. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

14. Venue is proper in this district under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions that are the subject of this suit occurred in this district.

## THE PROBLEM OF RECYLED DIRTY CELL PHONE NUMBERS

15. Each cell phone customer is assigned unique phone numbers for their phone, just like a traditional "land-line" phone.

16. However, unlike traditional phones, people can use cell phones to pay for certain third-party provided mobile content services like, for example, special ringtones or subscriptions for horoscopes, jokes, games, or stock quotes sent periodically to customers' cell phones.

17. These mobile content services are generally provided by subscription that renews automatically each month and the resulting charges are included on the customer's cell phone bill issued by the customers' wireless carrier.

18. This lawsuit results from what happens when the protocol established to remove mobile content subscriptions authorized by the previous user of a cellular number are ignored by both the content providers and the wireless carrier itself. (Customers abandon numbers for many

different reasons—e.g. they move to a different area code, they change carriers, they no longer want one of their cell phones, or they want a different phone number.)

19. Indeed, the protocol established by Alltel puts the responsibility squarely on the content providers such as Predicto and its aggregator partner to prevent the recycling of dirty cell phone numbers. The protocol calls for Alltel to provide to the aggregators and content providers a list containing the cellular telephone numbers that have been deactivated. It is then the aggregator and content provider's responsibility per contract to cancel any mobile content subscriptions it has been processing to any of the phone numbers on the deactivation list. Aggregators in the mobile content industry other than OpenMarket, such as m-Qube, Inc. and mBlox, Inc., have similarly been sued and held responsible for their failure to live up to their obligations to the carriers and, ultimately, to consumers. On information and belief, Predicto and its aggregator partners actively ignore the list of deactivated phone numbers provided to it by the carriers in order to continue to profit from this unlawful practice.

20. Predicto knows that these abandoned and cancelled numbers are often encumbered with preexisting subscriptions to mobile content services, thus rendering these numbers "dirty."

21. Nevertheless, to bilk cell phone customers, Predicto has refused to comply with procedures to insure that cell phone customers are not charged for preexisting subscriptions authorized by previous subscribers formerly assigned the numbers.

22. Despite knowing that its protocol is not complied with, Alltel continues to allow its current customers to be charged for mobile content authorized by the prior owner of recycled numbers.

## FACTS RELATING TO THE NAMED PLAINTIFF

23. On or about December 24, 2008, Plaintiff Tony Pratt purchased new cell phone service for his personal use from an authorized Alltel sales representative.

24. On that same day, in exchange for an Alltel cell phone service plan, Pratt agreed to pay Alltel a set fee each month for a period of approximately 12 months.

25. Upon activating his cellular telephone account, Alltel provided Pratt a cellular phone number.

26. Unbeknownst to Pratt at the time, Alltel provided him with a recycled "dirty" phone number—one saddled with preexisting obligations, encumbrances, and billing arrangements for products and services purportedly purchased by the previous cell phone subscriber assigned to that number.

27. Thus, beginning in or about January 2009, and continuing through to the present, Pratt's cell phone account was charged for multiple unwanted mobile content services from Defendants.

28. At no time did Pratt authorize the purchase of these products and services offered by defendants and at no time did Pratt consent to Defendants' sending the corresponding text messages to his telephone number.

29. At no time did Pratt authorize Alltel, Predicto, or anyone else to bill him for these charges.  After Pratt first became aware of the unauthorized charges on his Alltel bill, he contacted the company on whose behalf defendants were charging him: Defendant PredictoMobile, LLC.  After contacting Predicto to complaint of said charges, Plaintiff was informed that the service bill for which Predicto was billing him had been authorized in October 2008, a date more than two months prior to when Plaintiff signed up with Alltel and received the

phone number that was charged. Pratt could not possibly have authorized the charges for which he was being billed.

30. Defendants have yet to provide Plaintiff a full refund of the unauthorized charges for data, text messages, premium text messages, interest and/or assurance that such unauthorized charges would not appear in future billing periods.

## CLASS ALLEGATIONS

31. Plaintiff brings this action, pursuant to Fed. R. Civ. P. 23, on behalf of himself and two classes, defined as follows:

> A. The Predicto class: All wireless telephone subscribers in the nation who were charged by Predicto for mobile content services where the date of authorization for such charges preceded the date that the telephone number was assigned to such subscriber by his or her wireless carrier.
>
> B. The Alltel class: All Alltel wireless telephone subscribers in the nation who were charged by Predicto for mobile content services where the date of authorization for such charges preceded the date that the telephone number was assigned to such subscriber by his or her wireless carrier.

Excluded from both classes are the Defendants and their employees.

32. Each class consists of hundreds or thousands of individuals and other entities, making joinder of their individual claims impractical.

33. The claims of Plaintiff Pratt are typical of the claims of all of the other members of each class. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the classes are the same, resulting in similar injury to the Plaintiff and all of the other members of the classes.

7

34. Plaintiff will fairly and adequately represent and protect the interests of the other members of the classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the classes and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the classes.

35. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the classes.

36. There are many questions of law and fact common to the claims of plaintiff and the other members of the classes. Common questions for the Predicto class include but are not limited to the following:

　　(a) Whether Predicto has unjustly received money belonging to Plaintiff and the Predicto class and whether under principles of equity and good conscience, it should be permitted to retain it;

　　(b) Whether Predicto tortiously interfered with Plaintiff's and the Predicto class's contracts with their wireless carriers by causing them to be charged for products and services by their carrier that were authorized by the prior owner of their telephone number;

37. Common questions for the Alltel class include but are not limited to the following:

　　(a) Whether Alltel breached its contracts with Plaintiff and the Alltel class;

　　(b) What remedies are appropriate against Alltel.

38. The questions of law and fact common to the members of each class predominate over any questions affecting only individual members.

39. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Absent a class action, many members of the classes would find the cost of resolving their claims to be prohibitive and would have no effective remedy. Class treatment of common questions of law and fact conserves resources and promotes consistency and efficiency.

## FIRST CAUSE OF ACTION
### Restitution / Unjust Enrichment
#### (on behalf of plaintiff and the Predicto class)

40. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

41. A benefit has been conferred upon Predicto by Plaintiff and the Predicto class. Predicto has received and retains money belonging to plaintiff and the Predicto class resulting from its causing cellular telephone customers to be billed by their cellular carriers for mobile content services authorized to be purchased by the previous subscriber assigned such telephone numbers.

42. Predicto appreciates or has knowledge of said benefit.

43. Predicto unjustly gained money from plaintiff and the Predicto class as a direct result of Predicto's conduct described herein.

44. Under principles of equity and good conscience, Predicto should not be permitted to retain the money belonging to Plaintiff and the Predicto class that Predicto unjustly received as a result of its actions.

## SECOND CAUSE OF ACTION
### Tortious Interference with a Contract
**(on behalf of plaintiff and the Predicto class)**

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. Plaintiff and the Predicto class had substantially uniform contractual relationships with their wireless carriers whereby they agreed to pay a certain sum of money in exchange for activation of their cellular telephone accounts and their carriers' promise to provide various communication and related services to Plaintiff and the Predicto class and to bill Plaintiff and the Predicto class only for products or services the purchase of which they had authorized.

47. Predicto knew of these contractual relationships and intended to and did induce a breach or disruption of the contractual relationships.

48. Predicto intentionally interfered with said contractual relationships through improper motives and/or means by knowingly and/or recklessly repeatedly causing unauthorized charges to be placed on the cellular telephone bills of cellular telephone owners across the nation.

49. Plaintiff and the Predicto class have suffered financial loss as a direct result of Predicto's conduct.

## THIRD CAUSE OF ACTION
### Breach of Contract
**(on behalf of plaintiff and the Alltel class)**

50. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

51. Plaintiff and the Alltel class entered into substantially identical agreements with Alltel whereby plaintiff agreed to pay a certain sum of money in exchange for Alltel's activation

of Plaintiff's cellular telephone accounts and its promise to provide various communication and related services to Plaintiff and the Alltel class.

52. Alltel expressly and/or impliedly agreed to provide Plaintiff and the Alltel class with a cellular telephone number free of charges for third-party products and services authorized only by the previous subscriber and not the subsequent subscriber.

53. Alltel further expressly and/or impliedly agreed to bill Plaintiff and the Alltel class only for products or services the purchase of which they had authorized.

54. Alltel further expressly and/or impliedly agreed to carry out its obligations with good faith and fair dealing.

55. Alltel breached its contractual obligations, including its contractual obligation of good faith and fair dealing, by billing Plaintiff and the Alltel class for products or services the purchase of which was never authorized by the current customer.

56. Plaintiff and the Alltel class have performed their obligations under the contracts.

57. Alltel breached and continues to breach its contracts with Plaintiff and the Alltel class through its conduct as set forth herein.

58. Alltel, through its breaches, caused and continues to cause actual damages to plaintiff and members of the Alltel class.

59. Plaintiff and the members of the Alltel class ask that this Court enjoin Alltel from continuing its practice of breaching its contracts as described herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tony Pratt, on behalf of himself and the classes, prays for the following relief:

      A.      Certify this case as a class action on behalf of the classes described above; appoint Pratt as class representative; and appoint his counsel as class counsel;

      B.      Declare that the actions of Predicto, as set out above, result in unjust enrichment, constitute tortious interference with a contract;

      C.      Declare that the actions of Alltel, as set out above, constitute breaches of contract;

      D.      Enter judgment against defendants for all damages caused by their conduct and, with respect to Predicto;

      E.      Award restitution against Predicto for all money that it has to which Plaintiff and the Predicto class are entitled in equity;

      F.      Award Plaintiff and the classes their reasonable litigation expenses and attorneys' fees, to the extent allowable;

      G.      Award Plaintiff and the classes pre- and post-judgment interest, to the extent allowable;

      H.      Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and the classes; and

      I.      Award such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted,

**LAW OFFICES OF FREEDMAN & FREEDMAN, PLC**

BY:_____
**MARK H. FREEDMAN (P47908)**
Counsel for Plaintiffs
24725 West 12 Mile Road, Suite 220
Southfield, MI 48034
(248) 799-9905

Dated:  September 17, 2009